**1722-CC10848**

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| NANCY ALBRIGHT, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | Div. 1 |
| LAMB WESTON, INC., | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

Serve by Mail to:

> Lamb Weston, Inc.
> The Prentice-Hall Corporation System, Inc. RAGT
> 251 Little Falls Dr.
> Wilmington DE 19808

### PETITION AND JURY DEMAND

Plaintiff, Nancy Albright, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1.      This case arises out of Defendant Lamb Weston Inc.'s ("Lamb Weston" or "Defendant") deceptive, unfair, and false merchandising practices regarding its Alexia brand "All Natural" Sweet Potato Fries With Sea Salt; Crinkle Cut Sweet Potato Fries With Sea Salt and Black Pepper; Chipotle Seasoned Spicy Sweet Potato Fries; Waffle Cut Sweet Potato Seasoned Fries; Crispy Bite-Size Sweet Potato Puffs; and Rib Cut BBQ Sweet Potato Fries; Crispy Rosemary Fries With Sea Salt; and Seasoned Waffle Cut Fries (the "Fries").

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

2.      On the label of the Fries, Defendant represents that the Fries are "All Natural," which leads Missouri consumers to believe that the Fries only consist of natural ingredients.

3.      The Fries, however, contain Xanthan Gum (the "Synthetic Ingredient"), which is a synthetic, unnatural substance.

4.      Because the Fries contain the Synthetic Ingredient, the representation that the Fries are "All Natural" is false, deceptive, and misleading.

5.      In addition, by claiming the Fries are "All Natural," the label of the Fries creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Fries are solely comprised of ingredients which are natural, when in fact the Fries contain a synthetic ingredient. Moreover, the overall format and appearance of the label of the Fries has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Fries are only comprised of natural ingredients.

6.      Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## **PARTIES**

7.      Plaintiff, Nancy Albright, is a resident of the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in February 2017, Plaintiff purchased Defendant's (1) "All Natural" Sweet Potato Fries With Sea Salt, and (2) "All Natural" Crinkle Cut Sweet Potato Fries With Sea Salt and Black Pepper, at Whole Foods in St. Louis, Missouri, for personal, family, or household purposes. The purchase price of the Fries was $4.29 each. Plaintiff's claim is typical of all class members in this regard.

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

8.      The labels of each of the Fries—including those Plaintiff has not purchased—are substantially similar in that each claims the Fries are "All Natural" and lists the Synthetic Ingredient. Accordingly, Plaintiff has standing to pursue claims relating to Fries she did not actually purchase.

9.      Defendant the Lamb Weston, Inc. is a Delaware corporation with its principal place of business in Eagle, Idaho.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

7.      Plaintiff believes and alleges that the total value of Plaintiff's individual claims is, at most, equal to the refund of the purchase $4.29 price paid for each of the Fries, or $8.58.

8.      Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

9.      There is therefore no diversity or CAFA jurisdiction for this case.

10.     Defendant cannot plausibly allege that it has sufficient sales of the Fries in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

11.     This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

that gives rise to civil liability, including distributing the fraudulent Fries for sale throughout the State of Missouri.

12.     Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of the City of St. Louis and her injury occurred in St. Louis.

13.     Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

14.     Defendant manufactures, sells, and distributes the Fries.

15.     Knowing that consumers like Plaintiff are increasingly interested in purchasing Fries that do not contain potentially harmful synthetic ingredients, Defendant sought to take advantage of this growing market by labeling certain Fries as "All Natural."

16.     By affixing such a label to the packaging of the Fries, Defendant can entice consumers like Plaintiff to pay a premium for the Fries or pay more for it than they otherwise would have had the truth be known.

17.     The label of the Fries is deceptive, false, and misleading in that Defendant prominently represents that the Fries are "All Natural" when they are not.

18.      The Fries are not "All Natural" because they contain Xanthan Gum.

19.     Xanthan Gum is a synthetic thickener that is commercially manufactured by Cargill and others by fermenting bacteria with a carbohydrate (often GMO corn syrup), which is then sterilized and dried with isopropyl alcohol or ethanol before being pressed and ground for distribution.

20.     7 C.F.R. 205.605(b) identifies Xanthan Gum as a synthetic substance.

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

21.     Consistent with FDA guidance, Plaintiff and reasonable consumers reasonably believe and assume that Fries labeled "All Natural" do not contain any synthetic ingredients.

22.     Neither Plaintiff nor any reasonable consumer would expect to find synthetic ingredients in Fries labeled "All Natural."

23.     Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Ingredient is not natural when reviewing the product label.

24.     Because of Defendant's deceitful label, Defendant could charge and Plaintiff paid a premium for the Fries.

25.     The Fries, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "All Natural" label.

26.     Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## <u>CLASS ALLEGATIONS</u>

27.     Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All citizens of Missouri who purchased Alexia "All Natural" Sweet Potato Fries With Sea Salt; Crinkle Cut Sweet Potato Fries With Sea Salt and Black Pepper; Chipotle Seasoned Spicy Sweet Potato Fries; Waffle Cut Sweet Potato Seasoned Fries; Crispy Bite-Size Sweet Potato Puffs; and Rib Cut BBQ Sweet Potato Fries; Crispy Rosemary Fries With Sea Salt; and Seasoned Waffle Cut Fries from July 21, 2012 through the Present (the "Class Period").

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

28.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

29.     Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

30.     There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

a.      Whether the "All Natural" claim on the Fries' label is false, misleading, and deceptive;

b.      Whether Defendant violated the MMPA by selling the Fries with false, misleading, and deceptive representations;

c.      Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      Whether the label of the Fries creates false impressions and has the tendency and capacity to mislead consumers;

e.      Whether Defendant was unjustly enriched; and

f.      The proper measure of damages sustained by Plaintiff and Class Members.

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

31.     The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

32.     Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

33.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.    The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.    Absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.    Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

d.  When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.  This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

34.    Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

35.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of Missouri's Merchandising Practices Act

30.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31.    Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment  by  any  person  of  any  deception, fraud, false pretense, false promise,

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

32.    Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Fries are "All Natural" when they in fact contains the Synthetic Ingredient.

33.    In addition, by claiming the Fries are "All Natural," the label of the Fries creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Fries are solely comprised of ingredients which are natural, when in fact the Fries contain a Synthetic Ingredient. Moreover, the overall format and appearance of the label of the Fries has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Fries are only comprised of natural ingredients.

34.    The Fries were therefore worth less than the Fries as represented, and Plaintiff and Class Members paid extra or a premium for them.

35.    Neither Plaintiff nor any reasonable consumer would expect the Synthetic Ingredient to be in Fries labeled "All Natural."

36.    Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Ingredient are not natural.

37.    Plaintiff and Class Members purchased the Fries for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

38.     Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons.  § 407.025.2.

## COUNT II

### Unjust Enrichment

39.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

40.     By purchasing the Fries, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Fries.

41.     Defendant appreciated the benefit because, were consumers not to purchase the Fries, Defendant would have no sales and make no money.

42.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Fries.

43.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

Electronically Filed - City of St. Louis - July 21, 2017 - 02:10 PM

c.    Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d.    Award pre- and post-judgment interest;

e.    Award reasonable and necessary attorneys' fees and costs; and

g.    For all such other and further relief, as may be just and proper.

Dated: July 21, 2017                    Respectfully submitted,

By:    /s/ Matthew H. Armstrong
       Matthew H. Armstrong (MoBar 42803)
       ARMSTRONG LAW FIRM LLC
       8816 Manchester Rd., No. 109
       St. Louis MO 63144
       Tel:    314-258-0212
       Email: matt@mattarmstronglaw.com

       Stuart L. Cochran (MoBar 68659)
       STECKLER GRESHAM COCHRAN PLLC
       12720 Hillcrest Rd., Ste. 1045
       Dallas TX 75230
       Tel:    972-387-4040
       Email: stuart@stecklerlaw.com

       Attorneys for Plaintiff and the Putative Class